[733 NYS2d 216]

In the Matter of BRYAN ERIC POWERS, an Attorney, Resignor.

Second Department, November 19, 2001

## APPEARANCES OF COUNSEL

*Bryan Eric Powers,* Port Jefferson, resignor *pro se.*

*Grace D. Moran,* Syosset (*Mary J. Lieblang* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Bryan Eric Powers has submitted an affidavit, dated June 19, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Powers was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department, on February 28, 1979.

Mr. Powers acknowledges that he is the subject of an ongoing investigation and that charges would be prosecuted in a disciplinary proceeding to be recommended by the Grievance Committee for the Tenth Judicial District to this Court. In or about April 1999, Mr. Powers was entrusted with $50,000 as fiduciary in his capacity as attorney for the seller of a business. Those funds were to be deposited into his escrow account and held as security for taxes and liabilities owed and paid to his client, the seller, upon the purchaser's release or the happening of specified conditions. Instead, Mr. Powers diverted the funds from a special segregated account and converted them to his own use. Upon receiving authorization to release the escrow funds in or about October 1999, Mr. Powers informed the seller of his misappropriation. He subsequently made restitution in the amount of $21,600.

Mr. Powers acknowledges that he cannot defend himself on the merits against any disciplinary charges based on the foregoing. He avers that his resignation is voluntary and freely tendered and that he has not been subject to coercion or duress. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement as an attorney for at least seven years from the date his resignation is accepted.

The resignation of Mr. Powers is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the tendered resignation be accepted.

Inasmuch as the proffered resignation comports with all applicable Court rules and regulations, it is accepted, Mr. Powers is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and H. MILLER, JJ., concur.

Ordered that the resignation of Bryan Eric Powers is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bryan Eric Powers is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Bryan Eric Powers shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bryan Eric Powers is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.